CASE 77—PETITION ORDINARY—OCTOBER 27.

# L. & N. R. R. Co. v. Smith's Adm'r.

APPEAL FROM BULLITT CIRCUIT COURT.

1. LIMITATION—SUMMONS.—An action is commenced, and the statute of limitations ceases to run, upon the filing of the petition and the issuing of summons, although the summons be made returnable to a term of court commencing within ten days from its date, the provision of the Code fixing the term to which a summons shall be made returnable being directory merely.

2. WILLFUL NEGLECT—PLEADING.—In an action against a railroad company, under section 3, of chapter 57, of the General Statutes, to recover for the death of one whose life is alleged to have been lost by the willful neglect of the defendant, the plaintiff may recover under section 1 of that chapter upon proof of ordinary neglect, provided the deceased was not an employe of the defendant, and it is not necessary to that end that the petition should allege that the deceased was not in the employment of the defendant; that fact may be developed by the proof so as to control the right of recovery.

WM. LINDSAY, CHAS. CARROLL AND W. R. THOMPSON FOR APPELLANT.

1. As this action is by the administrator under section 3, of chapter 57, General Statutes, and the decedent left no widow or child, there can be no recovery. (Henderson's Adm'r v. Ky. C. R. R. Co., 85 Ky.)

2. The filing of a petition and the issuing of a summons within ten days before the beginning of the term of court to which it is made returnable, is not the commencement of an action as contemplated by the

Code. (Civil Code, sec. 39; Gen. Stats., chap. 71, sec. 1, art. 4; Cecil v. Soward, 10 Bush, 198; Kellar v. Stanley, Ky. Law Rept., Nov. 1, 1887; Beck v. Beck, 97 Ill., 73; Yearger v. Graves, 78 Ky., 278.)

E. E. McKAY AND F. P. STRAUS FOR APPELLEE.

The beginning of an action is the filing of the petition and issuing in good faith summons, and an error of the clerk as to the time in which to answer does not affect it. (Gen. Stats., chap. 71, art. 4, sec. 1; Tillinghast's Ballantine, page 147; L. & N. R. R. Co. v. Commonwealth, 4 Ky. Law Rept., 628; Bank of U. S. v. Segle, 10 Gill & Johnson, 326.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the administrator of Warren Smith, sought by his petition, filed in the Bullitt Circuit Court, to recover of the appellant damages for injuries that his intestate received, which caused his death, by falling from the appellant's passenger platform, which falling was caused by the "willful and careless negligence" of the appellant to keep said platform in a reasonably safe condition.

The petition was filed and summons was issued thereon and served on the appellant within a year from the accrual of the cause of action. But the summons cited the appellant to appear at the next term of court, which commenced within ten days from the date of the summons. At said term of court no order was made in the case, except that of a continuance; at the following term of court the summons, upon the appellant's motion, was quashed, upon the ground that it was made returnable to a term of court commencing within ten days from its date. Thereafter, an alias summons having been issued and served, the appellant, by its answer, put in issue the material allegations of the petition. And more than a year

having elapsed from the accrual of the cause of action to the issual of the alias summons, the appellant pleaded the statute of one year's limitation as a bar to the appellee's right to maintain the action.

The appellant contends that the first summons, having been made returnable to a term of court commencing within ten days from its date, was void, and in consequence thereof, the appellee's action was not commenced within a year from its accrual.

Section 39 of the Civil Code of Practice provides: "An action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action; * * * and by causing a summons to be issued, or a warning order to be made thereon."

Section 40 prescribes the requisites of a summons, and, among other things, provides that it must fix a time for the defendant to answer.

Section 44 provides: "The summons shall be returnable to the first day of the next term of the court, which does not begin within ten days from the date of the summons."

So, by section 41, the summons must fix a day for the defendant to answer; and by section 44, the day fixed must not be less than ten days from the next term of court; and if the next term of court commences within ten days from the date of the summons, the defendant must be cited to answer at the next term thereafter. The law is, that the defendant shall have at least ten days in which to answer. It is not the summons that gives him this right, but it is the law. No judgment can be rendered against him until

at least ten days after he is notified by summons that
an action has been filed against him. It is not the
summons that teaches him this, but it is the law. The
object of the summons is to apprise him that a peti-
tion has been filed against him, by whom and for what.
If, at the date of the issual of the summons, it is ten
days or more until the next term of court, then he
must be cited to appear at that term. And the return
upon the summons shows when it was served, which
fact is noted upon the judge's docket book, in order
that he may see and know whether the defendant has
been served at least ten days before the commence-
ment of that term of court; if he has been served that
length of time, then the court has acquired jurisdic-
tion of him at that term; if he has not been served for
said length of time, then the court has no jurisdic-
tion of him at that term, and the case must be con-
tinued until the next term. The reason of this is, that
the defendant, by virtue of the law, not the summons,
has at least ten days before the commencement of the
term of court to prepare his defense; and the sum-
mons is merely required to harmonize with the rule
of law, which is mandatory, that no judgment shall
be rendered against the defendant until he has been
allowed ten days in which to make his defense, if any
he has. The law, and not the summons, instructs him
as to the time thus allowed him. He knows, if the
summons has been served upon him within ten days
before the next term of court, that that fact will ap-
pear upon the judge's docket, by which the judge will
see that he has no jurisdiction of him at that term of
court, and the case will be continued until the next

term of court, at which time the court will have
jurisdiction of him. So if the summons, having been
dated within ten days of the next term of court, cites
him to appear at said term, and has been served upon
him before the commencement of said term, he, never-
theless, knows that the law allows him at least ten days
in which to prepare his defense; and the fact that the
summons was not issued and served in time will ap-
pear, and the case will be continued until the next
term; he also knows that he has been sued, by whom
and for what. He also knows that, notwithstanding
the error of the clerk, the case will be continued un-
til the next term of court, in the same manner as if
the summons had been issued in time, but not served
in time for that term of court; he knows that, not-
withstanding the error of the clerk, no judgment will
be rendered against him at the next term of court,
nor additional burdens imposed upon him; that the
case will be continued to the following term, where
it would have gone had the summons cited him to
answer at that term.

So, it will be readily seen, from what has been said,
that the provision of the Code, *supra*, in reference
to citing the defendant in the summons to appear at
a term of court, commencing not less than ten days
after the date of the summons, is not mandatory, but
merely directory; for the reason, as above intimated,
that the section of the Code, *supra*, gives to the clerk
directions which he ought to follow in issuing the sum-
mons, in order for it to repeat to the defendant a rule
of law; but the directions so given are not essential
to the ascertainment of the defendant's legal rights;

they are merely directions contained in the summons to accomplish a given end; but the given end, by the plain rules of law, is understood and accomplished without the directions being contained in the summons; for it is the duty of the judge not to render judgment against him, unless it affirmatively appears that he has been summoned at least ten days before the commencement of the term of court, and, if not, to continue the case to the succeeding term; it is the duty of the court to do this, notwithstanding the misdirection or non-direction of the clerk in issuing the summons. So, the end that the law has in view for the protection of the defendant is accomplished, notwithstanding the fact that the clerk gave a wrong direction in the summons.

Also, when the plaintiff has filed his petition setting forth his cause of action, and has caused a summons to issue thereon in time to save his right of action, he has done all that the law requires him to do; for it is the official duty of the clerk to issue the summons in accordance to law, and it is not incumbent upon the plaintiff to see that he issues it in accordance to law. On the contrary, he has the right to repose entire confidence in the clerk's not only knowing his duty but doing his duty; therefore, the plaintiff is not guilty of the laches that is contemplated by the statute of limitation, in order to deprive him of his remedy; as it was caused by the act of the clerk, who was officially bound to act according to law, in the interest of both appellant and appellee, and in so far as he may be treated as an agent, he was equally the agent of both, as in issuing the summons,

it was his official duty to protect the rights of both. If these reasons are not sufficient of themselves to prevent the statute of limitation from running, they, at least, furnish strong reasons why the duty of the clerk in the particular above-mentioned should be construed as merely directory. His duty being merely directory, it follows that the appellee's action was kept alive, and, therefore, was not barred by time.

The jury passed upon the question of neglect, and found the appellant guilty of ordinary neglect. And the deceased not being an employe of the appellant, the appellee, as his administrator, had the right under section 1, chapter 57, of the General Statutes, to recover for the injury and consequent death of deceased by ordinary neglect.

The fact that the petition fails to state that the deceased was not an employe of the appellant, does not render the petition defective, for the reason that the appellee had the right to recover for either willful or ordinary neglect, the deceased not being an employe of the appellant; and as ordinary neglect is but a lower degree of willful neglect, the appellee had the right to sue for the higher degree, and if the proof failed to establish that degree, but established the lower degree, to recover for the same. And whether or not the deceased was an employe of the appellant, could be developed by the proof so as to control the right of recovery; or the fact, if it existed, could have been made known by the answer.

The judgment of the circuit court is affirmed.