# McDonald, &c., v. Stembridge's Admr.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.    AFFIRMED.

JUDGMENTS—EXECUTION—SUSPENDING STATUTE OF LIMITATIONS.

Held:   An execution issued in the name of a foreign administrator on a judgment rendered in favor of the decedent suspends the running of the limitations fixed by Kentucky Statutes, 1899, section 2514, providing that an action on a judgment shall be commenced within fifteen years from the date of the last execution, though the administrator failed to give the bond required by Civil Code Practice, section 404, requiring a foreign administrator to give a bond conditioned on his disposing according to law of any property received on the execution.

McDonald, &c., v. Stembridge's Admr.

MONTGOMERY MERRITT, ATTORNEY FOR APPELLANT.

1. Does Issuing execution by the clerk without requiring the nonresident administrator to execute the bond mentioned in section 404 of Civil Code stop the running of the statute of limitations? Williams v. Staton, 4 R., 226; Jones v. Martin, 5 R., 227; Mulholland v. Troutman's Admr., 10 R., 264; Morgan, &c., v. Winn's Admr., 17 B. M., 241; Marritt v. Babb, Exr., 91 Ky., 93; Haskins v. Helm, 4 Litt., 309; Adams v. Settle, 2 Duv., 76; Mainer v. Lindsay, 3 Bush, 94; Chapman v. Dyatt, 25 A. D., 600; Miller v. Anderson, Litt. S. C., 170, 11 Bush, 48.

M. C. & G. D. GIVENS, ATTORNNEYS FOR APPELLEE.

· POINTS DISCUSSED AND AUTHORITIES CITED.

1. Under Civil Code, section 402, upon the death of the plaintiff after judgment, execution shall issue in the name of his personal representative, and the clerk shall endorse on the execution the name of the plaintiff, his death and the name of the personal representative. Section 404, which provides that the clerk, before making such endorsement shall require the personal representative to file an affidavit manifesting his right, and a copy of his appointment, and if he did not receive his appointment in Kentucky the clerk shall require of him a bond with security, that he will dispose of any money collected under the execution as required by law, is directory; and an execution properly endorsed issued on such judgment, the affidavit and copy of the appointment being filed, but without the bond being given is not void but valid. Jones v. Martin, 5 L. R., 227. Analagous cases: Eddy v. Coldwell, 37 Am. S. R., 672; Cox v. Nelson, T. B. Monroe, 94; Com. v. O'Call, 7 J. J. Marshall, 151; Young v. Smith, 10 B. M., 296; L. & N. v. Smith, 87 Ky., 501.

2. An execution thus indorsed and issued within fifteen years, though perhaps irregular, is valid and will stop the running of the statute of limitation until quashed.

3. An execution thus issued and endorsed and returned "No property found" will not be quashed on motion, because the execution is not then in force and in no way imperils the execution of defendant's rights further than as a suspension of the statute of limitation.

4. The cases of Williams v. Slaton, 4 L. R., 225, and Mulholland v. Troutman's Admr., 10 L. R., 263, distinguished.

5. The rule to quash does not state grounds sufficient for a quashal of the execution. Secs. 406 and subsec. 5. sec. 402, Civil Code.

6. (a) The motion to quash is an action within the meaning of the statute. Ky. Stats., sec. 469; Auditor v. Halbert, 78 Ky., 577. (b) And it is barred by the statute of limitations. Ky. Stats., sec. 2575.

Opinion of the court by JUDGE PAYNTER—Affirming.

· The only question involved here is whether appellee's rights have been barred by the statute of limitation. Margaret A. Stembridge, on October 25, 1880, recovered a judgment against appellant J. B. McDonald. On November 4th of the same year an execution was issued on the judgment. Margaret A. Stembridge died March 2, 1891, while domiciled in the State of Indiana. The letters of administration were duly granted in Indiana. On November 2, 1895, the proper affidavit was filed with the clerk of the Henderson Circuit Court, and also a transcript of the record showing the appointment of the personal representative in Indiana. The clerk made the proper indorsement on the execution, and issued same on the date last named. He did not require the non-resident personal representative to execute the bond required by section 404, Civil Code Practice. No other execution was issued on the judgment until August 2, 1902, so, if the execution which issued November 2, 1895, did not stop the running of the statute of limitation, this action is barred, because section 2514, Kentucky Statutes, 1899, provides that an action upon a judgment or decree of any court of this State, or of the United States, or of any State or territory, shall be commenced within fifteen years from the date of the last execution. If the judgment was not alive when the execution was issued in 1902, the issuance of it could not give vitality to it. At common law, on the death of the plaintiff in the judgment, the judgment abated, but it could be revived by a writ of *scire facias*. Morgan, etc., v. Winn's Adm'r., 17 B. Mon., 244; Venable v. Smith's Ex'r.,

1 Duv., 196. The death of the plaintiff suspends proceedings on a judgment until some one qualifies as personal representative and until an execution is issued in his name. The Civil Code of Practice points out particularly as to the affidavit and the record that shall be filed with the clerk and as to the indorsements which he shall make upon the execution. In the case at bar every requirement of the Code was fully complied with, except the execution of the bond required by section 404. Under this section, as the appointment of the personal representative was made in Indiana, it was the duty of the clerk to require of him a covenant, with good security, that he would dispose according to law of any property which he might receive upon the execution. The purpose of this bond is to protect the creditors of the decedent in this State, and not for the benefit of the defendant in the execution. From our view it is not necessary to determine whether this provision of the Code is directory or mandatory. The execution was issued in good faith, and placed in the hands of the sheriff. It evidenced a purpose on the part of the personal representative of the decedent to enforce the collection of the judgment. The execution which was issued on the judgment was as much an execution in the contemplation of law as if the clerk had fully complied with the Code by requiring the execution of the bond. The mere fact that an execution may for some reason be quashed does not change its legal designation or name. In Louisville & Nashville R. R. Co. v. Smith's Ex'r., 87 Ky., 501, 10 R., 514, 9 S. W., 493, this court held that a summons issued which was illegal, and was subsequently quashed, suspended the statute of limitation. In that case the court recognized that the summons was illegal, and did not require the defendant to answer the petition; still it suspended the running of the statute of limitation. By the stat-

ute under consideration, in the computation of time for the purpose of determining whether it is a bar the calculation is made from the date of the last execution. We are of the opinion that the execution in question was such as would suspend the running of the statute of limitation.

The judgment is affirmed.