Underwood v. Wilhite, &c.

CASE 12.—ACTION BY ELMER C. UNDERWOOD AGAINST S. M. WILHITE AND OTHERS.—June 17, 1910.

# Underwood v. Wilhite, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

WALTER P. LINCOLN, Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

1. Municipal Corporations—City Officers— Appointment— Ordinances—Law Clerk.—Ky. St. section 2909, provides that, in cities of the first class, the mayor shall appoint a city attorney who shall hold office for four years and who shall give legal advice to the mayor, members of the general council, and other city officers and boards, etc. Section 2756 (section 546) authorizes the council, except as otherwise provided, to prescribe the duties, term, and compensation of all officers of the city, and section 2780 (section 568) declares that all officers not required to be otherwise appointed shall be elected or appointed as prescribed by ordinance. Held, that the council of Louisville; having provided under such act for certain assistance including a law clerk, bookkeeper, messenger, etc., in the office of the city attorney, had no authority after repealing ordinances creating such positions to pass an order creating the office of mayor's counsel, tax attorney, title attorney, and law accountant, to hold office for four years each, the mayor's counsel to be the special advisor of the mayor and other departments of the city government, and to attend to all matters in the law department committed to him by the city attorney with the approval of the mayor.

2. Municipal Corporations—Officers—City Attorney.—Under Ky. St. section 2009, providing for the appointment of a city attorney in cities of the first class, such officer in the discharge of his official duties is independent of the mayor and city council and may be required to act not only contrary to their wishes, but against them officially.

3.  Municipal Corporations—Minor Offices—Creation and Ter-
    mination.—Tne general council of a city of the first class
    being authorized by Ky. St. sections 2756, 2780, to create
    minor positions or offices in the office of the city attorney
    had also power to dispense with such offices, or positions by
    repealing the ordinance creating them.

ALEX. G. BARRET for appellant.

J. W. S. CLEMENTS for appellees.

Opinion of the Court by Judge O'Rear—Revers-
ing.

The Constitution allows the Legislature to pro-
vide that officers of cities and towns of this common-
wealth, except mayors and legislative bodies, may be
such and be elected or appointed as may be required
by law.  Section 160, Const.  The cities are required
to be divided into classes.  Section 156, Id.  And they
have been classified.  In the first class Louisville was
placed.  In a statute providing a government for
cities of the first class various phases of the govern-
ment are also classified, and set apart for adminis-
tration by particular officers or bodies, who are to
be elected or appointed and paid as set out in the
statute.  Among these provisions is section 2909, Ky.
St. (Russell's St. Sec. 550), relating to cities of the
first class, reading: "There shall be appointed by the
mayor immediately after the expiration of the term
of office of the present city attorney in cities of the
first class, a city attorney, whose duty it shall be to
give legal advice to the mayor, members of the gen-
eral council, and all other officers and boards of the
city in the discharge of their official duties, and, if
requested, he shall give his opinion in writing and
they shall be preserved for reference.  It shall be
his duty to defend all suits against the city, and to

attend to such other legal business as may be pre-
scribed by the general council." The statutes also
impose certain other specific duties upon the city at-
torney. Section 2756, Ky. St. (Russell's St. Sec. 546),
also relating to the government of cities of the first
class, provides: "Except as otherwise herein pro-
vided, the general council may, by ordinance, pre-
scribe the duties, define the term of office, and fix
the compensation and bond and the time of election
of all officers and agents of the city." Section 2780,
Id. (Russell's St. Sec. 568): "All officers or agents
of the city, in any of its departments, not herein re-
quired to be otherwise appointed, shall be elected or
appointed in such manner as may be prescribed by
ordinance." In March, 1902 (Laws 1902, c. 52), the
General Assembly amended section 2909, supra, by
providing that the mayor appoint a city attorney and
two assistants for terms of four years each, and that
their salaries should be fixed by the general council
by ordinance. From time to time the general council
of the city of Louisville has provided for certain as-
sistants for the city attorney's office, such as law
clerk, bookkeeper, messenger, stenographer, claim
agent, etc., and fixed their salaries. The ordinance of
March 14, 1905, created the position of law clerk in
the law department of the city, and provided that he
should "dicharge such duties in connection with the
collection of city taxes, and to attend to such other
matters in the law department as may be assigned to
him by the city attorney." Appellant was appointed
to a subordinate position in that department by Judge
Richards whilst he was city attorney, and in January
of 1909 was promoted to the position of law clerk by
the present city attorney, Mr. Blakey. The election
of November, 1909, resulted in a change in the person-

nel of the city government. But the city attorney and those in his department, having been appointed to office under the last administration, were not affected in their terms by the election. On March 24, 1910, there was approved by the mayor "an ordinance concerning the law department of the city of Louisville" by which the ordinance of March 14, 1905, and two other old ordinances creating minor positions in the city attorney's department, were attempted to be repealed, and providing that, "in lieu thereof, there is hereby created the office of mayor's counsel, tax attorney, title attorney, and law accountant." Their terms are fixed at four years by the ordinance, and they are to be appointed and removed at pleasure by the mayor. Concerning the mayor's counsel, the ordinance provides he "shall be the special advisor to the mayor, and the other departments of the city government, and shall attend to all matters in the law department committed to him by the city attorney with the approval of the mayor." The tax attorney and title attorney are to attend to such matters in connection with the collection of the city taxes and such other matters in the law department as may be assigned to them by the mayor's counsel. The law accountant must keep certain accounts and "such other accounts as may be required of him from time to time by the mayor's counsel or city attorney." The city authorities having refused to pay appellant his salary as law clerk after the approval by the mayor of the last-named ordinance, he brought this suit against them, seeking to have them ordered by the court to pay him his salary since that date. The circuit court sustained a demurrer to the petition and dismissed the suit, holding that the last-named ordinance was valid, and operated to abolish the position held by appellant.

The real question presented is the validity of the ordinance of March 24, 1910, in so far as it affects the position of law clerk formerly held by appellant. It may be conceded that, under the general authority conferred upon the city to control its municipal affairs, there is impliedly granted the power to appoint such agents, or hire such employes, or for that matter create and fill such offices, as may be necessary to carry into effect the express grant of powers to the municipality, in so far as the Constitution and statutes have not expressly or by necessary implication provided otherwise. It is even true of this implied grant of power or express, if the general powers granted the city may be construed to be so broad, that such minor positions as law clerk, stenographers, and the like have been and may be established for the aid of the city's legal department. Nor do we regard it as material whether these servitors be called officers or agents or employes. Where, however, the statute governing cities of any class, which are their charters, and bear very much the relation to their ordinances or by-laws that the Constitution does to the enactments of the Legislature, provide that certain functions of the city government shall be performed by certain officers, it is not competent for the city council to provide that they may be done otherwise. So, when the Legislature has provided for cities of the first class and has named the officer who is to be at the head of a department, and has prescribed though in general terms the duties or prerogatives of his office, it is not only beyond the power of the city to require those duties to be performed by some one else, but it is beyond its power to shear the office of its necessary prerogatives and responsible oversight which the Leg-

islature has invested it with.  While the city attorney may have help provided, it must be an aid in the discharge of his official duties, but not to relieve him of those duties.  The statute imposing those duties necessarily carries with it the responsibility for their faithful discharge.  To take away from the officer the opportunity to discharge his duties is equivalent to relieving him of the duties themselves.

When the general council enacted that an attorney be appointed by the mayor whose official duty it was to perform much if not all the things required by the statute of the city attorney and particularly when the mayor's counsel, as the new officer is called, is given the authoritative control of the legal business of the city, and of the law department of the city government, as he virtually is by the ordinance, it gave over to one official not contemplated by the statute the duties which the statute had devolved upon another.  The city attorney is the head of a department of the city government.  In the discharge of his official duties, he is independent of the mayor and council.  Louisville v. Louisville Ry. Co., 111 Ky. 1, 63 S. W. 14, 23 Ky. Law Rep. 390, 98 Am. St. Rep. 387.  He may be required to act not only contrary to their wishes, but against them officially.  The Legislature by making a term for the office, and making it in a measure independent of the domination of the other departments of the city government, has attempted to provide a check in the matter of municipal government.  If the city government as represented by the mayor and council may put all the principal duties of the city attorney upon another, whom they are at liberty to direct, or if he acts contrary to their wishes, whom they could dispose at will, by abolishing his office if not otherwise, the scheme provided by the Leg-

islature would fall to the ground.  So would it in every other particular, for, if it be competent for the general council to deprive one ministerial officer provided by the charter of his legal authority, the same thing could be done as to all others, so that it would be possible for the general council to constitute itself the entire city government.  In truth, it could as well deprive the mayor of some of the prerogatives of his office by creating a new executive office, filling it by their own election, and devolving upon it many, if not most, of the executive duties now pertaining to the office of mayor.  The plan of municipal government provided by the statute presents a dispersal rather than a centralization of power.  While the whole government is made a unit composed of co-operative parts, it is also divided into independent departments, each of which may act as a kind of check upon some other.  In such a system there is less apt to be an abuse of power.

The ordinance providing for the office of mayor's counsel and putting upon him the duties now assigned by the statute to the city attorney was void.  The offices of tax attorney, title attorney, law accountant, etc., are made dependent upon the direction, and are under the control of the mayor's counsel.  They must therefore fall also.  As we have seen, to sustain it would be to deprive the statutory officer, the city attorney, of the responsibility and power to discharge his official duties, by placing them in somebody else's hands, as well as take the control from him.  The ordinance is void as to the latter offices also.

The general council had the power to repeal the ordinances providing a law clerk and other similar assistants to the city attorney.  Had the ordinance now under investigation gone no further than its first

section, we have no doubt that it would be a valid enactment. But in its second section it attempted to provide other officers in lieu of those displaced. It is therefore reasonably certain that but for the second section the first would not have been enacted in its present form. It is true one provision of a statute or ordinance may be constitutional or valid while another may be invalid, and the former may stand though the latter falls. The rule is "if the different parts are so naturally connected and dependent on each other, as conditions, considerations, or compensations for each other as to warrant a belief that the Legislature intended them as a whole, and that, if all could not be carried into effect, the Legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected must fall with them." Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601, 15 Sup. Ct. 912, 39 L. Ed. 1108; Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185; El. Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. —. It therefore follows that the entire ordinance is invalid, neither creating new offices, nor abolishing old.

Judgment reversed, and remanded, wth directions to overrule the demurrer to the petition.