## City of Louisville v. Clark, et al.

(Decided January 4, 1917.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Statutes—Construction.—No right created by a statute will be construed to exist without any limitation for its enforcement, unless the language used will permit of no other interpretation.

2. Taxation—Assessment—Correction of Tax Lists by Assessor— Limitation of Actions.—The correction of tax lists by the assessor for cities of the first class, as provided in the first part of section 2991, a part of the charter of such cities, cannot be made after five years from the time the property should have been first assessed, unless in the meantime a suit has been filed for the collection of the taxes, when such correction may be made at any time before judgment in the case, and the true owner of the property as shown by the correction may be made a party to the proceeding by amendment.

GEORGE CARY TABB, PENDLETON BECKLEY and LAURENCE S. POSTEN for appellant.

BLAKEY, QUIN & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This appeal calls for the construction of that part of section 2991 of the Kentucky Statutes, which is a part of the charter of cities of the first class, with reference to the correction of tax lists where the property was assessed "in a name other than that of the owner or holder." The taxes involved are municipal taxes for the city of Louisville, and are for the years 1906, 1907 and 1909, which are assessed as of September 1 in the years preceding. That part of the section involved provides that:

"Whenever, by any complaint of the party assessed, or otherwise, it appears that any property has been assessed in a name other than that of the owner or holder, the city assessor shall, after notice through the mail to the owner or holder, at the time of the notice, make the correction, whether for the current or *any preceding year,* in his books, and certify such correction to the tax receiver; and to the corrected assessment and to the retrospective assessment hereinafter authorized, the remedies of sections two thousand nine

hundred and ninety-seven, and three thousand and nine, both inclusive, shall attach, beginning with the first of May after the correction of retrospective assessments is certified to the receiver.''

In section 2986 of the Kentucky Statutes, which is also a part of the charter of cities of the first class, among other things, it is provided that ''No mistake in, or omission of, the right name of the owner or holder of lands or improvements liable to be assessed under the provisions of this act shall impair any assessment thereof, if such land be designated in said (assessment) books by its corresponding number and block on said map; or if such improvement be there designated by the number and block of the land on which it rests.'' Other sections of the statute fix the time when the municipal taxes shall become · due and payable, and when suit may be maintained to collect them. The limitation within which property may be retrospectively assessed after the assessing date is five years (latter part of section 2991), and that within which suit may be maintained after the right to do so has ripened, is also five years (sections 4021 and 4021a). With the limitation periods as thus fixed for the retrospective assessment of property and the maintenance of a suit for the collection of taxes it has been many times determined by this court that the time within which a suit might be maintained did not begin to run until the assessment of the property had been made, although retrospectively, and it would be competent for the suit to be filed at any time within five years after the taxes became due under such an assessment.

The property involved in this suit was assessed at the assessing periods for the years involved in the name of Emma A. Clark, and it was designated in the assessor's books and upon his lists by its number and block, thus conforming to the provisions of section 2986, *supra*. The taxes were not paid and the tax bills were, according to the provisions of the law relating thereto, turned over to the city attorney of the city of Louisville, who, within the statutory period of limitation, filed suit to collect the taxes as assessed in the name of Emma A. Clark. After the statutory period of limitation had expired for the filing of such suit, it was discovered for the first time that Emma A. Clark, although once the owner of the property, was·dead at

the time of the making of the assessments for each of the years, whereupon the suit was dismissed without prejudice, and new and corrected tax bills were made out by the assessor under the authority claimed to be given by the first part of section 2991 quoted above, and this suit was filed as an original and new one, based upon such corrected assessments. The corrected assessments were made by the assessor against the appellees, who are the heirs at law of Emma A. Clark, and who inherited the property from her, she having died intestate. Claiming that the correction of the assessment as provided in the section, *supra,* could not be made after the expiration of five years from the time the taxes became due under the original assessment, appellees relied upon the statute of limitations as a bar to the suit, which contention was upheld by the trial court and the suit dismissed, from which judgment the city prosecutes this appeal.

It will be observed that the portion of section 2991 relative to the correction of the name of the owner of the assessed property as quoted above fixes no limit of time within which such correction may be made by the assessor, and it is argued by appellant that whenever the mistake is discovered the correction may be made "whether for the current or any preceding year," as stated in the statute, and without any limitation whatever; while it is the contention of appellees that such correction must be made within five years after the taxes are due under the original but erroneous assessment, or, at any rate, during the pendency of the suit brought for the purpose of enforcing the collection of the taxes, and before final termination thereof.

According to what has been stated, the correction of the tax list now under consideration was neither made within five years from the time the property should have been assessed, nor during the pendency of any suit brought for the collection of the taxes.

It will be noticed that two things are provided for by section 2991; one being the correction of the name of the person owning the property assessed, or the true owner, and the other for the retrospective assessment of property which had not been assessed at all; but no such retrospective assessment shall be made after five years from the time the property should have been assessed. It is, therefore, argued that inasmuch as the

section provides for a limitation period for making retrospective assessments, and in the first part provides that the correction of an assessment in the particulars herein mentioned may be made "for any preceding year," that there is no limitation against making such corrections. We do not find ourselves able to agree with the learned counsel for appellant in this contention, nor do we find anything in sections 2986 and 4021 of the Kentucky Statutes to which we are referred, or in the case of Joyes v. City of Louisville, 26 Ky. Law Rep. 713, relied upon by counsel, supporting the argument. Section 2986, as we have seen, provides that the assessment shall not be impaired because of a mistake in or omission of the right name of the owner or holder of the property assessed, and section 4021 provides for the taxing authority to have a lien upon the property to secure the payment of taxes, but it does not necessarily follow from these provisions that the correction being considered may be made at any time without limitation, or that the lien may in this manner be protracted so as to last forever.

The construction contended for would enable the assessor by assessing the property in the wrong name, although correctly describing it as provided in section 2986, to thereby create a lien upon the property for the payment of taxes, and to postpone indefinitely the time within which such lien might be enforced by reviving it from time to time without limit through the means of correcting the assessment. Such power is not given to any other tax collecting authority within the State, not being possessed by the State itself, and it cannot be conceived that the legislature intended to select the cities of the first class, alone, upon which to bestow such a favorable advantage. Indeed such a construction runs counter to the public policy of the law as manifested in the various statutes of limitation now and for a long time prevailing in this, if not quite all other jurisdictions. If it be contended that the correction of the assessment is not an action or proceeding to which the statute of limitation applies, yet it is a step looking to the perfection of the right to maintain a suit, and is a condition precedent to a judgment binding the true owner of the property, and has for its ultimate purpose the establishment of a right to enforce the collection of money from another. The general public policy at the

bottom of statutes of limitation would suggest that there be a time limit within which such step, fraught with such consequences, shall be taken or made. This interpretation does no violence to the language of section 2991, inasmuch as at any time during the pendency of the suit based upon the original but incorrect assessment the correction may be made and the true owners of the property brought into the case by appropriate amendments and the cause thus proceed, not as a new and original suit, but as an amended or corrected one. In this way the correction could be made even beyond five years from the time the property was originally assessed, and no violence would be done to any of the limitation statutes applicable to such matters, as a *lis pendens* will already have been created against the property by the suit based upon an assessment describing it, as provided by section 2986. At the same time, the public policy of the State as found in the general limitation laws will be held intact.

There is nothing in the case of the City of Louisville v. Courier-Journal Job Printing Company, 140 Ky. 664, same case in 27 Ky. Law Rep. 263, in coniflct with these views. On the contrary, the right to amend the original proceeding based upon an incorrect assessment as specified in section 2991 by having a corrected assessment made during the pendency of the suit is upheld, although in that case the correction was made within five years from the time the property should have been first assessed.

It is argued, however, by attorneys for appellees, that previous to 1910, section 3005 of the Kentucky Statutes provided for the listing of unpaid tax bills by the tax receiver with the city attorney, and that after this was done the correction provided for by the first part of section 2991 could not be made by the assessor, and to support this contention the cases of City of Louisville v. Louisville Railway Company, 111 Ky. 1, and Underwood v. Wilhite, 139 Ky. 116, are relied upon. The question involved in those cases was entirely different from the one here. It was there contended and determined that after the placing of the tax bills, under the provisions of section 3005, in the hands of the city attorney that the city council could not compromise the taxes with the owner of the property, nor could the council control any suit which the city attorney may have brought for

the purpose of collecting the taxes. Nothing is said in any of those cases militating in the least against the authority of the city attorney to have the tax assessor correct an incorrect tax list after it had been delivered to him for collection. It was not the intention, from anything that was said in either of those cases, to take away the right of the city attorney to do anything looking to the perfecting of the city's cause of action, even though in doing so he would be compelled to ask the aid of some other department of the city government in furnishing the data upon which he should thereafter proceed. Such action does not have for its purpose the final disposition or termination of the suit over his protest, but, on the contrary, looks to its continuation, but in perfected form.

Our conclusion is, then, that the present suit, based upon the corrected tax list made more than five years after the property should have been assessed, being an original one, and not amendatory of an existing one, comes too late, and that the court properly dismissed it, and the judgment is affirmed.