CASE 70—PETITION ORDINARY—FEBRUARY 7.

# Clark vs. Kellar.

3bu223
e115 575.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

To prevent the statute of limitations from running, a suit must be brought and prosecuted in good faith; and, if the time constituting the bar is permitted to elapse between the time of suing out one process until another, the mere bringing the suit will not prevent the statute from running, and is no legal reason why the bar should be disallowed.

HARRISON & BENNETT,          For Appellant,
CITED—
*Revised Statutes, p.* 432 ; *Civil Code, sec.* 65.
18 *B. Mon.,* 238 ; 7 *B. Mon.,* 315.
7 *B. Mon.,* 116 ; 2 *B. Mon.,* 470.
13 *B. Mon.,* 410–11; 13 *B. Mon.,* 310.
1 *Met.,* 149 ; 2 *Dana,* 406 ; 6 *B. Mon.,* 447.

BRUCE & RUSSELL,          For Appellee,
CITED—
7 *B. Mon.,* 315 ; *Bray vs. Howard, &c.*
*Angell on Limitations, sec.* 330.
9 *Paige's (N. Y.) Ch. R.,* 512 ; *Hayden vs. Bucklin.*
1 *Paige,* 564 ; *Webb vs. Pell.*
*Act of* 1838, *Limiting Actions, Lough.,* 558.
28 *Pennsylvania R.,* 4 *Casey,* 261.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

It being about five years after the last process and return of not found until another process was sued out and executed, and Kellar residing all this time in the city of Louisville, where he resided when the account for merchandise was created, authorized the special find-

Clark vs. Kellar.

ing of the jury that the suit had not, in good faith, been prosecuted. To prevent the statute of limitations from running, a suit must be brought and prosecuted in good faith; and, if the time constituting the bar is permitted to elapse between the suing out of one process until another, the mere bringing the suit will not prevent the statute from running, and is no legal reason why the bar should be disallowed.

The court properly refused to render judgment in favor of appellant on this special verdict, although the jury also found that the account was proved, and that the balance, as charged, had never been paid, and properly dismissed the action.

Judgment affirmed.