CASE 22—ACTION ON TAX BILLS—OCT. 14.

# City of Louisville v. Meglemry.

APPEAL FROM CHANCERY DIVISION OF JEFFERSON CIRCUIT COURT.

LIMITATION.—An action which is instituted in time, and upon which summons issues and is served, is not barred by limitation merely because after the statutory period the plaintiff files an amended petition curing formal defects in the original petition.

City of Louisville v. Meglemry.

·H. L. STONE for appellant.

> The action was not barred. Ballou v. Wilmot, 5 Ky. Law Rep., 774; L. & N. R. R. Co. v. Smith, 87 Ky., 501; Jones v. Jones, 5 Ky. Law Rep., 774; Slayden v. McDonald, 15 Ky. Law Rep., 28; Louisville Hotel Co. v. Taylor, 10 Ky. Law Rep., 150; Herold v. Fisk, 16 Ky. Law Rep., 63; Pindell v. Maydwell, 7 B. Mon., 314.

> No appearance for appellee.

JUDGE HOBSON delivered the opinion of the court.

Appellant sued appellee on tax bills for the years 1884, 1885, 1886, and 1887. The suit was filed December 20, 1887. The summons was issued December 30, 1887, and executed on appellee January 4, 1888. On July 2, 1888, the appellee filed a demurrer to the petition. No further steps were then taken until March 29, 1897, when the case was set at rules by appellant's attorney. An amended petition was filed on April 3, 1897. Appellee then filed an answer pleading the statute of five years' limitation in bar of the action. A demurrer to this answer was filed and overruled, and after appellant filed its reply, which did not avoid the plea of limitation, the court dismissed the action.

More than five years had elapsed from the time the cause of action accrued until the amended petition was filed; but as it only cured certain formal defects in the petition, and stated no new cause of action, the plea of limitation was not well taken, unless the failure to prosecute the action with diligence from the time the demurrer was filed on July 2, 1888, until the case was set at rules on March 29, 1897, set the statute in motion.

Limitation is not a favored plea. He who relies on it must bring himself within the letter of the statute. An action is brought, under section 2524, Kentucky

Statutes, "at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action." This is a part of the act regulating limitation of actions, and must be read in connection with section 2515, which applies to actions of this character, and provides that the action must be commenced within five years next after the cause of action accrued. Appellee appeared in the case and joined issue' by filing her demurrer. The subsequent lapse of time is not within the letter of the statute, and, the question being between the original parties, the action was not barred by time. .

In Wood on Limitation, section 290, it is said:

"If the action is commenced in season, the statute is saved, without any reference to the question whether the plaintiff used 'any diligence in its prosecution."

See, to the same effect, Chicago, &c., Railway Co. v. Jenkins, 103 Ill., 588; Ballou v. Wilmot, 5 Ky. Law Rep., 774.

This court has often held that the bar of the statute must be complete when the action is brought, and that the action is commenced when the petition is filed, and summons issued in good faith upon it. (Fenwick v. Phillips, 3 Metc. (Ky.) 89; Trabue v. Sayre, 1 Bush, 129; L. & N. Railroad Co. v. Smith's Admr., 87 Ky., 501 [9 S. W., 493].)

The case of Clark v. Kellar, 3 Bush, 223, is not in conflict with these authorities. The language of the court in that case must be taken with reference to what the court had before it. The plaintiff there filed his suit in time, but the summons being returned "Not found," took out no alias for nearly five years. The jury returned a special finding that the suit had not been prosecuted in good faith, which was equivalent to a finding that the last summons was the first that was issued in good faith upon the petition. The

diligence that the court has in mind is diligence in issu-
ing and serving the process, and the facts of the case war-
ranted the conclusion that the original process was not
issued in good faith. But in this case the process was
effective, and appellee was brought before the court in
due time. After she filed her demurrer there was an issue
of law for the court to try; and to hold that a mere delay
in bringing this issue to trial would again set the statute
in motion, after its operation had been arrested by the
due bringing of the action, would be to add to the statute
words that the Legislature has not seen fit to use.

For these reasons the court below erred in overruling the
demurrer to the answer. The judgment is reversed, and the
cause remanded, with directions to sustain the demurrer,
and for further proceedings not inconsistent with this
opinion.