## City of Louisville v. Louisville Courier-Journal Co.

(Decided November 18, 1910.)

### Appeal from Jefferson Circuit Court.
### (Chancery Branch, First Division.)

Taxation—Assessment of Property—Proper Designation—Failure to
Pay Taxes.—Under Ky. St., section 2986, providing in part that:
"No mistake in, or omission of, the right name of the owner or
holder of land or improvements liable to be assessed under this
act, shall impair any assessment thereof, if such land be designat-
ed in said book by its corresponding number and block on said
map, or if such improvements be there designated by the number
and block of the land on which it rests;" Held, that the assess-
ment in this case is a valid one and is a lien on the property,
as appellee does not pretend that it has paid the taxes or any
part thereof, or that the assessment was for too large a sum.

CLAYTON B. BLAKEY and ELMER UNDERWOOD for appellant.

BENNETT H. YOUNG and DANIEL E. O'SULLIVAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is the second appeal of this case, and the opinion
on the first appeal may be found in 27 Ky. Law Rep., 263,
to which we refer for a history of the facts of the liti-
gation. On the return of the case to the lower court,
appellee filed a rejoinder in which it reiterated the denial
that the assessment of the property was retrospectively
made by the city assessor as provided by law, and denied
that notice thereof was given Walter N. Haldeman, the
president of the Courier-Journal Company, by the city
assessor, &c. Prior to the first appeal the parties entered
into the record and agreed to the following state of facts:

"It is stipulated and agreed between counsel for
plaintiff and defendants that the City Assessor duly
authenticated over his signature, or a stamp fac-simile,
the tax bills sued on and listed the same with the tax

receiver for collection at the times and as alleged in the plaintiff's petition as amended."

Upon these agreed facts, the pleadings, exhibits and the former opinion, the case was tried upon the question as to the liability of appellee for the tax due upon the property for the year 1897. The lower court determined that appellant was not entitled to recover or enforce a lien upon the described lot for the tax for the year named, and dismissed the petition. It appears from the opinion filed in the record by the lower court, that it determined that the burden of proof was upon the plaintiff (appellant) because appellee had denied that the assessment of the property upon November 1898 was retrospective and that any notice thereof had been given Walter N. Haldeman or the Courier-Journal Company. The lower court was in error about this. Section 2996, Kentucky Statutes, is in part as follows:

"Each bill shall be authenticated by the assessor by his signature, or a stamp fac-simile thereof, and when so authenticated, it shall be prima facie proof that all steps have been taken to make it a binding bill for the amounts and purposes, and against the person and property therein named or described."

The parties agreed in this case that the bills for the taxes sued on were so authenticated by the assessor, therefore the burden of proof was upon appellee to show that all the steps necessary to make the tax bill binding, had not been taken. It was incumbent upon appellee to introduce testimony sufficient to overcome the prima facie case of appellant.

Section 2986, Kentucky Statutes, is in part as follows:

"No mistake in, or omission of, the right name of the owner or holder of land or improvements liable to be assessed under the provisions of this act shall impair any assessment thereof, if such land be designated in said books by its corresponding number and block on said map; or if such improvement be there designated by the number and block of the land on which it rests."

It is agreed by the parties in the case at bar, that the property sought to be taxed was assessed and described in the assessor's books in accordance with the provision of the Statute just quoted. The lower court concluded, however, that that provision of the Statutes did not apply to a case like this one, where the property was assessed against a person other than the rightful owner

or holder; that it only applied in case of a mistake in the right name of the owner or holder. This court in its former opinion, construed this section contrary to the contention of appellee, and said:

"It is provided in the Statute that the fact that the property may be assessed in the name of the wrong person shall not invalidate the assessment of the property if correctly described."

In the case of Joyes v. City of Louisville, 26 Ky. Law Rep., 713, this court had this question under consideration. Joyes had property assessed against him that should have been been assessed against another. In that case the court said:

"It is shown in this record that these two pieces of property were assessed and designated by the number and block as required by this section. This being true, it does not vitiate the assessment because of the mistake in the name of the person against whom it was assessed."

The assessment in the case at bar upon the property described is clearly a valid one, and is a lien upon the property. Appellee does not pretend that it has paid the taxes or any part of them, or that the assessment is for too large a sum. It only pleaded, first, the Statutes of Limitations; second, irregularities in the assessment and notice, and these questions having been determined against it, appellant's lien on the property should be enforced.

Therefore, the judgment of the lower court is reversed and remanded with directions to the lower court to so adjudge.