## City of Louisville v. Sonne.

(Decided May 16, 1912.)

Appeal from Jefferson Circuit Court
(Chancery, Second Division).

Municipal Corporations—Taxation—Assessment of Property—Parties to Suit to Recover Taxes.—Under sections 2986, 2990 and 3006 of the Kentucky Statutes, the city has a lien for its taxes upon the fee in all real estate subject to taxation. No error in the name of the owner of the property will affect the validity of the assessment, if the property is identified as provided in the statute. A suit to collect taxes may be brought alone against the person in whose name the property is assessed. It is not necessary that the city should make any other persons parties to the action.

JOSEPH S. LAWTON, CLAYTON B. BLAKEY for appellant.

HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1900, the city of Louisville brought suit in the Chancery Court against the appellee, Henrietta Sonne, seeking to subject to the payment of taxes due by her certain real esate in the city. In 1902 an amended petition was filed, setting up the existence of similar liens for succeeding years, and asking the same remedy. It seems that this action was permitted to remain on the docket without any steps being taken until 1910, when it was called up for judgment. Thereupon, appellee, J. P. Sonne, husband of Henrietta Sonne, came into the case by an intervening petition, and by proper order of court he was made a party defendant and his petition taken as his answer. In this pleading he set up that he and Henrietta Sonne were married more than thirty-two years prior to the filing of the answer, and that more than twenty-five years before, issue was born alive of the marriage. He further averred that the fee simple

title to the property sought to be subjected by the city was acquired by his wife prior to 1894, and that by virtue of the statute in force prior to 1894, he had an estate as tenant by the curtesy in all the real estate owned' and possessed by his wife at the time the property was assessed for taxation and also had the right to the use of the property during their joint lives and the power to rent the same out for three years at a time and to receive and appropriate the rents. He also pleaded that as more than five years had elasped since the taxes became collectible by suit, that the right to collect them from him was barred by the statute of limitations.

After this Henrietta Sonne filed an answer, in which she set up that the taxes sought to be recovered were in fact due by her husband, J. P. Sonne, as life tenant, arising out of the estate of curtesy that he owned, and the right to the use and income of the property vested in him by the statute; and that as by its laches in failing to prosecute with diligence the suit, the city had lost its right to subject to the taxes the life estate of J. P. Sonne, it was also barred of its right to enforce its lien upon the property as against her.

The case being submitted upon the pleadings, the court dismissed the petition of the city, and it appeals.

The ground assigned by the lower court for dismissing the action was that J. P. Sonne, the husband, had a vested estate in the property as tenant by the curtesy, and under the statute giving him the right to the use and income of the property, which life estate was primarily chargeable with the taxes, and that as the city by its laches had lost its right to subject the life estate to the payment of the taxes, it would be inequitable to permit it to subject the interest of the wife.

In the view we have of the law of the case, it is not necessary to consider carefully what estate the husband had in the land of his wife. We may assume, for the sake of the argument, that in view of the date of the marriage, the date of the acquisition of the property, and' the birth of the children, that the husband at the assessing periods had a vested estate for life as tenant by the curtesy in the property, and also the statutory right to rent and control it. Rose v. Rose, 104 Ky., 48, Mitchell v. Violett, 104 Ky., 77. As the property was assessed in the name of Henrietta Sonne, who owned the fee, and the suit to subject it to the taxes due was brought against her alone, the first and indeed the con-

trolling question to be decided is—was the husband a necessary party to this suit, and, could the city subject to the payment of the taxes the interest owned by Henrietta Sonne without first exhausting its remedies against the estate of her husband in the land; or to state it differently, could the city, under the assessment against Henrietta Sonne and under a judgment in the suit against her alone sell the fee in the lot?

We think it could.

Section 2990, of the Kentucky Statutes, which is a part of the charter of cities of the first-class, relating to the assessment of property, provides in part that:

"* * * When the joint owners are more than three in number, three of the names, with the addition 'and others,' shall suffice; and where remainders, and reversions or future estates are outstanding, the holder of the particular estate shall be assessed with the words 'holder of present estate' added to his name; but whenever the names of all the owners are not given, no lien for the taxes shall arise to the detriment of any purchaser from those not named, unless the assessment, by its own terms, or by reference to the city maps, identifies the lands or improvements therein embraced."

Section 2986, also relating to assessments, provides in part that:

"* * * * No mistake in, or omission of, the right name of the owner or holder of lands or improvements liable to be assessed under the provisions of this act shall impair any assessment thereof, if such land be designated in said books by its corresponding number and block on said map; or if such improvement be there designated by the number and block of the land on which it rests; or if such lands and improvements be otherwise fully identified in said books. * * * * "

Section 3006, reads in part:

"The fee simple of all lands in the city, and the full term and renewal of every leasehold carrying with it the value of the improvements thereon, shall be subject, from and after the first day of September of each year, to a lien for the city tax, to be assessed thereon for the succeeding year, which lien shall be superior to homestead right, and to all incumbrances, whether made before or after that date, except State taxes, and shall take precedence of dower, curtesy, remainders, reversions or future estates; and from the beginning of the action a lien for each tax bill assessed against the same owner or

set of joint owners shall also arise upon every piece of land or improvement still owned by him or them, with a view to the sale of less than all the pieces for all the tax bill, subject to such marshaling of burdens as against third parties as the rules of equity may require. * * *''

Under section 2990 it is the duty of the assessor to assess the property against the holder of the present estate, but, as provided in section 2986, no mistake or omission of the right name of the owner or holder shall impair any assessment, and, as provided in section 3006, the fee simple title in all lands shall be subject to the tax. In other words, under these statutes, while it is the duty of the assessor to assess the property in the name of the life tenant, and the life estate in the property so assessed is primarily liable for the tax as between the owners of the property, the failure of the assessor to properly describe the interest of the person in whose name the property is assessed does not affect the validity of the assessment and the city has a lien upon the fee in the property which is superior to any other interest therein or claim or lien thereon. If the assessment as said in section 2990 ''by its terms or by reference to the city maps identifies the lands or the improvements embraced therein'' or as said in section 2986 ''if such land be designated in said book by its corresponding number and block on said map, or if such improvement be there designated by the number and block on the land on which it rests, or if such land and improvements be otherwise fully identified in said book,'' the city is not to be defeated in the collection of its tax or its right to subject the fee by any error of the assessing authorities, in failing to give the name of all the owners or in making an omission of the right name of any of the owners or holders. Wooley v. City of Louisville, 114 Ky., 556; City of Louisville v. Louisville Courier-Journal Co., 140 Ky., 664. It is not required that the city in a suit to collect taxes shall make any person party defendant to the action, except the person in whose name the property is assessed, if such person be alive, and has an assessable interest in the property, whether it be a life estate, a remainder or the fee; and, in such action, the city may subject the fee in the land. If the assessment is in the name of the owner of the life estate, or in the name of the owner of the remainder, then the city may sue the owner of the life estate or the remainderman; or, if the assessment is in the name of the owner of the fee, the suit may be

against such owner. And so, with reference to the interest of any other person in the property in whose name the assessment is made. If the property is assessed in the name of the husband, whether he owns a life estate or the fee or whatever his estate, his wife is not a necessary party to the action; nor is the husband a necessary party to the action if the assessment is made in the name of the wife and she owns a life estate or any other estate. What interest the purchaser at a tax sale acquires when the property is not assessed in the name of all of the owners, or in the name of the owner of the fee, or of the life estate, or when suit is not brought and judgment is not rendered against all of them or against any person except the person in whose name the property is assessed, is a question not before us in this case. We may say, however, that the city does not warrant the title to any property it sells, or guarantee what estate the purchaser at the tax sale will get. The purchaser must look out for himself. He gets whatever the city could sell, and no more; but, in no state of case can the purchaser lose the purchase price because in all events and against every person interested in the property he will have a lien on the fee to reimburse him for what he paid. It is the duty of every person having a vested interest in real property to see to it that the taxes due on the property are paid by the person whose duty it is to pay them. If the property is assessed in the name of some person whose interest in the property is not primarily liable for the tax, and suit is brought against such person, he may bring into the suit by proper pleading the person who should pay the tax and ask that his interest in the property be subjected. The city is chiefly concerned in collecting its taxes, and in subjecting the fee in the property assessed to its payment. It is not required to act as guardian for other owners of the property, nor will any error or omission on the part of the assessing authorities defeat its claim. The owners of the property must look out for their own interests, and see to it that the burden of paying the tax is put upon that person whose duty it is to pay it. If property is assessed in the name of the person who is not primarily liable for the tax, and suit should be brought against such person, the court will upon proper application protect his interest as far as it may be done, consistent with the right of the city to have its tax. Wooley v. City of Louisville, 114 Ky., 556. Take

this case for example: here, the property was assessed in the name of Henrietta Sonne, who owned the fee, and suit was brought against her alone to subject property to the payment of the taxes assessed. If her husband should have paid the taxes, and his interest in the land should have been first subjected to its payment, Henrietta Sonne should have brought him into the suit and have asked the court to first subject his interest in the property to the payment of the taxes and this the court would have done, if it would not delay or prejudice the right of the city to collect its tax.

The case of Fenley v. City of Louisville, 119 Ky., 569, is relied on to support the judgment of the lower court. In that case the suit was brought against William Johnson, Mary E. Fenley and Oscar Fenley, her husband, to recover taxes. It appears that the property was assessed in the name of William Johnson. Johnson was not served with process, and Fenley and wife did not answer. Judgment was taken by default, and the property sold and purchased by the city. The pleading showed that Johnson, in whose name the property was assessed, was the owner of the life estate, and that Mary E. Fenley owned the estate in remainder. The question presented on the appeal was, whether it was error to sell the remainder interest of the Fenleys for the taxes primarily due by Johnson, the owner of the particular estate. In the course of the opinion the court said:

"We are not called upon to decide, and we do not decide, that the city has not a lien to secure its taxes upon the fee-simple estate; but we are of opinion that in all fairness and justice to the remainderman the holder of the particular estate should be brought before the court, and his interest first sold, so that the remainderman could protect himself by buying in the life estate, and not, as in this case, sell the remainder interest, and leave the real debtor, the holder of the particular estate, in full possession of his property, free from any lien for taxes—that having been paid off by the sale of the remainder."

It will be observed that in the Fenley case the life tenant in whose name the property was assessed, as well as the remainderman, were sued, and the court merely held that as the estate of the life tenant was primarily liable for the taxes, and the assessment was in his name, his interest should have been sold before that of the remainderman. The reasoning and conclusion reached by the

court in that case is in harmony with the views we have expressed.

In Joyes v. City of Louisville, 26 K. L. R., 713, the city brought suit to enforce the collection of taxes on assessments of two pieces of property made in the name of Patrick Joyes. It was agreed that Patrick Joyes only owned two-thirds of one piece of property, all of which was assessed in his name, and only owned a remainder interest in the other piece that was assessed in his name. Joyes contended that he was not liable for the payment of taxes on those two pieces of property because they were incorrectly assessed—one piece being assessed against him as though he was the owner of the whole, and the other assessed against him when it should have been assessed against Mrs. Venable. In holding that if the property was erroneously assessed, Joyes had the remedy pointed out in section 2991 of the Kentucky Statutes, the court after further referring to section 2986, said that the mistake in designating the correct owner of the property did not impair the assessment, as the land was properly described in the assessment books, and sustained the judgment of the lower court holding him liable for the two-thirds interest that he owned in one piece of property, although the whole of it was erroneously assessed in his name. In reference to the piece of property in which he only owned a remainder interest, the court in affirming the judgment against him for the taxes due on this property, said:

"The piece of property at Court place was owned by appellant and Mrs. Venable, she owning the life estate. They both were bound for the taxes, the same being a lien on the property, but as between her and appellant she should have paid the taxes. She died soon after they were assessed, and he knew they were a lien upon the property and he must of necessity pay them to relieve the property of the lien."

So far as the question of limitation is concerned, although it is manifest that the city was not diligent as it should have been in the collection of these taxes and let its suit remain on the docket without excuse for non-action for several years, this delay did not defeat its right to subject the property to the payment of the taxes, while the property was yet owned by the persons in whose names it was assessed. Seibert v. City of Louis-

ville, 125 Ky., 292; City of Louisville v. Meglemery, 107 Ky., 122.

Wherefore the judgment is reversed, with directions to proceed in conformity with this opinion.