## Smith, et al. v. Young.

### (Decided December 14, 1917.)

### Appeal from Mercer Circuit Court.

1. Taxation—Sale of Land for Taxes—Title—Redemption—Liens.—Where real estate in the possession of a life tenant is assessed in behalf of the State and county for taxation as the property of such life tenant, sold for the tax so assessed and purchased by the State and county; and, following the failure of the life tenant to redeem it within the two years allowed by statute, the property is sold by the Auditor of Public Accounts and by deed conveyed the purchaser at such sale, the latter only acquires the title or interest of the life tenant in such real estate, and, after the death of the life tenant, may, at the suit of the remaindermen, be compelled to surrender to them the property upon being repaid the amount of the tax paid by him to the auditor, with the interest and penalties allowed by the statute. If, however, the remaindermen should fail to so repay him, he should be adjudged a lien on the property for the amount due him and the property sold in satisfaction thereof.

2. Limitation of Actions—Defenses—Pleading—Demurrer.—The defense of limitation cannot be raised by demurrer. If a defendant to an action would rely upon the statute of limitations, he must, by answer, plead it.

3. Taxation—Limitation of Actions.—Kentucky Statutes, section 4021a, interposes a bar to the right of the State, county, municipality or purchaser at a tax sale, to bring an action for the enforcement of any lien for taxes on property, or for the recovery of property sold for a tax, after five years from the date on which the tax became in arrears; but it interposes no such bar to the right of the owner of the property to recover it of one illegally in possession thereof under or by virtue of a tax sale.

4. Limitation of Actions—Life Estates—Possession Under Tax Sale —Remainders.—Remaindermen have no right to the possession of the real estate in which another owns a life estate, before the death of the life tenant. But the death of the latter will immediately entitle the remaindermen to the possession of the property and their right to maintain an action for its recovery against one in possession of it under a tax sale of the life estate and deed executed in pursuance of such sale, would then accrue; and in such case the purchaser at the tax sale could not defeat the recovery by a plea of the statute of limitations, unless the bringing of the action of the remaindermen had been delayed beyond the fifteen years next succeeding the date of the accrual of the cause of action, as provided by section 2505, Kentucky Statutes.

5. Taxation—Purchaser at Tax Sale—Remainders—Liens.—The purchaser at a tax sale of a life estate in real property is not, upon being compelled at the termination of such estate to surrender it to the remaindermen, entitled to a lien on such property for taxes assessed against it and paid by him during his possession of it. Nor is he chargeable with rents while it was in his possession. As owner of the life estate of his predecessor in title by its purchase under the tax sale, it was his legal duty to pay the taxes assessed against the property while in his possession during the continuance of the life estate; and, on the other hand, as it cannot be said that his possession of the property while the life estate continued, was not rightful, to charge him with its rental value during that time would not be proper.

C. E. RANKIN for appellants.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This action involves the title to a lot of ground on College Street in Harrodsburg, Kentucky. It was instituted in the Mercer circuit court by the appellants,

George W. L. Smith, John S. Smith and Eva Dora
Smith Williams, the children and only heirs at law of
Margaret Smith, deceased, to recover the lot in ques-
tion; the wives of George W. L. Smith and John S.
Smith and the husband of Eva Dora Smith Williams
joining therein as plaintiffs.

It appears from the statements of the petition that
Margaret Smith died in 1915 intestate, then domiciled
in the state of Ohio; that some years prior to her death
one Hannah Thompson, of Harrodsburg, Kentucky,
died leaving a last will and testament which was there-
after duly admitted to probate by the Mercer county
court, and recorded in the office of the clerk thereof;
that by this will the lot referred to was devised to Mar-
garet Smith for life with remainder in fee to her chil-
dren, George W. L. Smith, John S. Smith and Eva Dora
Smith Williams; that the lot was assessed to Margaret
Smith for tax due the state of Kentucky and county of
Mercer for the years 1903 and 1904 and was twice sold
by the sheriff of Mercer county, the first sale occurring
March 7th, 1904, for the 1903 tax, and the second sale
February 6th, 1905, for the 1904 tax. At both these sales
the state and county became the purchaser of the lot for
the tax and penalty due each, respectively. Margaret
Smith, the life tenant, failed to redeem the property by
paying the amount of the tax, interest and penalties for
either of the years named, and on March 1st, 1909, the
lot after due advertisement was sold by an agent of the
Auditor of Public Accounts of the state of Kentucky for
the taxes and penalties due thereon, amounting in the
aggregate to $12.38, at which sale the appellee, Jos. F.
Young, became the purchaser.

It is further alleged in the petition that the appel-
lants, children of Margaret Smith, deceased, had no
notice of any of these sales of the lot; that appellee, as
purchaser of the lot and by the deed conveying him the
property, only acquired such title thereto as had been
owned by Margaret Smith, the life tenant, which by
reason of her death gave him only a lien upon the prop-
erty as against the appellants, the remaindermen and
present owners thereof, for the amount of his bid
thereon, together with the interest and penalties allowed
by law; and that the amount thus due him is largely ex-
ceeded by the rents he has received upon the lot since
he took the possession thereof, with which he should be
charged. In the prayer of the petition it was asked

that the deed under which appellee claims to hold the property be cancelled; that appellants be adjudged the owners and entitled to the possession of the property, and that whatever lien appellee might be entitled to assert against the property be credited and set off by its rental value during the period of his possession thereof.

A general demurrer, filed by appellee to the petition, was sustained by the circuit court, following which appellants filed an amended petition setting up in greater detail their want of notice of any of the sales made of the lot. Whereupon, appellee insisting upon his demurrer to the petition, as amended, it was again sustained by the court, and the petition dismissed at appellants' cost. From the judgment entered in conformity to these rulings the latter have appealed.

We are advised by the briefs of counsel that the demurrer to the petition was sustained by the court below upon the ground that the action of appellants was and is barred by the five years' statute of limitations (section 4021a, Kentucky Statutes). The ruling of the court on the demurrer was such error as will compel the reversal of the judgment. In the first place the defense of limitation cannot be raised by demurrer in this jurisdiction. If a party to an action would rely upon the statute of limitations, he must by answer plead it. Yager's Admr., &c. v. President, &c., of Bank of Kentucky, &c., 125 Ky. 177; Swineboard v. Wood, 123 Ky. 664. Since the decision of the two cases referred to, we have in numerous other cases reaffirmed this rule of practice. Moreover, a plea of the statute of limitations by answer would have been profitless to appellee, as the five-year statute could not have been applied. The statute, section 4021a, provides:

"No action or other proceeding for the enforcement of any lien for taxes or for recovery of possession of any property which has been sold for taxes shall be maintained, unless such action or proceeding is commenced within five years from the date on which said taxes became in arrears."

Obviously, this section interposes a barrier to the right of the state, county, municipality, or purchaser at a tax sale, to bring an action for the enforcement of any lien for taxes on property, or for the recovery of the possession thereof, after five years from the date on which the taxes became in arrears, but it interposes no

such barrier to the right of the owner of the property to recover it of one illegally in possession thereof under or by virtue of a tax sale. The section is as mandatory in confining the right of action for the enforcement of the tax lien, whether arising from the levying of the tax or sale of the property in satisfaction thereof, or for the recovery by the purchaser at a tax sale of possession of the property sold for the tax, to the five years next succeeding the date on which the tax became in arrears, as are the provisions of the preceding section, 4021, in giving the taxing authorities a lien for five years on the property assessed for the taxes due, and in declaring that where any land shall not be assessed for any one year, it may be assessed retrospectively for that year at any time not later than five years thereafter.

It is, therefore, clear that appellants' rights here involved are not, and cannot be, affected by the limitation prescribed by the section, *supra*. While it is true their respective interests in the Harrodsburg lot were liable to and might have been sold for the taxes of 1903-1904, as a matter of fact, it was assessed for each of those years as the property of their mother, the life tenant; the tax bills were made out against her and the lot sold as her property when it was bought by or for the state of Kentucky and county of Mercer. Her failure to redeem the lot from either of those sales within the two years following each, had the effect under the statute to invest the state and county with the title to her life estate therein; and when the lot was sold by the Auditor's agent in 1909 and purchased by appellee, such sale and the deed he then received conveying him the lot, invested him with only such title to the same as appellants' mother, Margaret Smith, had therein, viz.: a life estate. Though section 4030, Kentucky Statutes, declares that a deed such as that received by appellee to the lot in question shall be *prima facie* evidence of the regularity of the previous sale, for taxes, of the property conveyed, of all prior proceedings, and of title in the person to whom the deed has been made, and while such deed vests in the grantee what the statute declares a fee simple title, it is, after all, just such title as the person against whom the land was assessed had therein. Rogers v. McAlester, 151 Ky. 488; Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky. 720; McDowell, et al. v. Hollowell, et al., 173 Ky. 543; M. L. Hall, &c. v. J. D. Hall, &c., 174 Ky. 356. In M. Hall, &c.

v. Hall &c., *supra,* we held that the statute regulating the sale of real estate for taxes in this state and providing for its conveyance to the purchaser, following the failure of the owner to redeem it, does not vest in the purchaser at a tax sale a new title originating in the state and created by the tax sale, but authorizes merely the transfer to the purchaser at such sale of the title owned by the person against whom the assessment was made; and that since the effect of a sheriff's deed to the purchaser at a tax sale is to vest in the latter only such title as was owned by the person against whom the land was assessed, the title thus acquired by such tax sale purchaser could not defeat or extinguish a *bona fide* existing prior lien or liens upon the land. And, therefore, the purchaser took the title to the land subject to such prior lien or liens, the latter being, in turn, inferior to the paramount lien given the purchaser on the land by the statute for the tax, penalties and interest paid by him therefor.

It is not to be overlooked that at the time of the several sales of the lot for taxes, appellants were the joint owners in fee of the remainder therein without right of possession until the death of the life tenant, Margaret Smith, and such was their title or interest down to the time of the death of Margaret Smith; but upon the occurrence of that event their complete ownership of the lot and right to the possession thereof immediately accrued, and the title and right of possession of appellee to the lot ended. During the years of his occupancy of the lot appellee's relation to the property was that of a tenant whose term was co-existent with the life of Margaret Smith, consequently his possession of the property was no more adverse to the appellants than would have been the possession of it by Margaret Smith, had she not been divested of her life estate therein by appellee's purchase thereof. The right of appellants to sue for and recover the lot of appellee did not accrue until the death of their mother, the life tenant, in the summer of 1915, and the statute of limitations did not begin to run against them until their cause of action accrued. The action was instituted April 4th, 1916, less than a year after the cause of action accrued.

The only limitation that might, in a proper state of case, be relied on as a bar to an action such as this is that prescribed by section 2505, Kentucky Statutes, which provides:

"An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims."

Manifestly, this statute of limitations is inapplicable here, as fifteen years had not intervened between the accrual of appellants' right of action and the institution of the action; indeed, as previously remarked, the action was instituted less than a year after the right of appellants to bring it accrued. This being the situation it is unnecessary for us to determine what effect, if any, the disability of coverture under which the appellant, Eva Dora Smith Williams, labored, would, under other circumstances, have had in prolonging her right of action beyond the period fixed by the statute of limitations. It is clear that no legal objection can be made to her right to join in this action with her brothers, the other remaindermen, for the recovery of the lot in controversy.

Although appellants are entitled to recover the lot, to do so they must pay appellee the amount of the taxes for which it was sold to him, with the added interest and penalties allowed by law. The lien for these taxes which Kentucky Statutes, section 4021, gave to the Commonwealth and county must be held to have passed to appellee by his purchase of the property, if he is made to surrender it to appellants; and while, if he had never been in possession of the property, this lien would have been lost to him because of his failure to sue for its enforcement within the five years from the date on which the taxes became in arrears, as required by section 4021a, Kentucky Statutes, as no right to its enforcement could have accrued to him while in possession of the property under his purchase for the taxes, his right to insist upon the enforcement of the lien will necessarily result from his deprivation of the property by the election of appellants to sue for its recovery. Therefore, in our opinion, it would not be consonant with the meaning of the statute or the principles of equity to declare that he shall not have the benefit of the lien for the amount he paid the state and county as purchaser of the property.

We are further of opinion, however, that appellee is not entitled to recover or be adjudged a lien for such taxes as he may have paid on the property following his purchase thereof and during his possession of same. As by his purchase of the property he acquired the life estate which Margaret Smith had owned therein, it was his duty,

as it would have been hers, to pay the taxes that were assessed against the lot from year to year while in his possession, and the law imposed upon him as owner of the life estate a personal obligation to pay them. Nor, upon the other hand, have the appellants any right to recover of him the rental value of the lot during his possession thereof. So long as he was the owner of the life estate of Margaret Smith therein, it cannot be said that he was not rightfully in possession of the property, and if during the life of Margaret Smith he was rightfully in the possession thereof he is not chargeable with rent thereon.

For the reasons indicated, the judgment is reversed and cause remanded with directions to the circuit court to overrule the demurrer to the original petition and also to the petition, as amended, and enter such a judgment therein as will conform to the opinion.