normal conditions; no illness resulted. For less than three weeks, the same workmen pursued the identical occupation under unusual conditions; both contracted lead poisoning. Thus the line of demarcation in this case is unmistakable, and the disease is directly traceable to a definite time, place, and cause. Cf. Taylor Dredging Company v. Travelers Insurance Company, 2 Cir., 90 F.2d 449. The testimony in behalf of appellant that the injury was unforeseen and unexpected by it is uncontradicted, and the inference is clear that the workmen anticipated no such result.[2] The only reasonable inference that can fairly be drawn from the evidence is that the disease resulted from an injury accidentally suffered within the coverage of the policy.[3] The peremptory instruction requested by the appellant should have been granted.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Cleon K. Calvert, of Pineville, Ky., and Napier & Napier, of Hazard, Ky., for appellant.

Samuel M. Wilson and McDonald & McDonald, all of Lexington, Ky., and Lewis E. Harvie, of Whitesburg, Ky., for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This case was heard upon the transcript, briefs and argument of counsel, and it appearing that the District Court did not err in deciding that the purchaser at a sheriff's sale by virtue of the tax sale and deed from the sheriff takes the land subject to liens existing at the time of sale (Hall v. Hall, 174 Ky. 356, 192 S.W. 76; Smith v. Young, 178 Ky. 376, 198 S.W. 1166; Drane v. Graves, 261 Ky. 787, 88 S.W.2d 927); and the record presenting no reversible error, it is ordered and adjudged that the judgment of the District Court entered on June 22, 1939, herein appealed from, be and the same is in all things affirmed.

## CORNETT v. SWIFT COAL & TIMBER CO. et al.
### No. 8368.

Circuit Court of Appeals, Sixth Circuit.

April 9, 1940.

## HOME INDEMNITY CO. OF NEW YORK v. O'BRIEN, Atty. Gen. of Michigan.
### No. 8402.

Circuit Court of Appeals, Sixth Circuit.

May 15, 1940.

[2] Cf. Herrell v. Hickok, 57 Ohio App. 213, 13 N.E.2d 358.

[3] Cf. Johnson Oil Refining Company v. Guthrie, 167 Okl. 83, 27 P.2d 814, 90 A. L.R. 616; Barron v. Texas Employers' Insurance Association, Tex.Com.App., 36 S.W.2d 464; Cannella v. Gulf Refining Company, supra; Dailey v. River Raisin Paper Company, 269 Mich. 443, 257 N. W. 857.