## Interstate Bond Co., Inc. v. Hood et al.

March 14, 1947.

Gilbert Burnett and Scott Miller, Judges.

Edward W. Bensinger for appellant.

Anna H. Settle, William T. Baskett and Doolan, Helm, Stites & Wood for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

In the case of Hood et al. v. Nichols et al., 236 Ky. 779, 34 S. W. 2d 429, Mrs. Hood, one of the defendants herein, was adjudged to be the legal and beneficial owner of the two tracts of land involved in this appeal, subject to any rights of the beneficiaries under the will of Jane Higgins. Mrs. Hood was in arrears in payment of city taxes on these tracts.

The Interstate Bonding Company, appellant, bought two 1934 city tax bills against these tracts from the City Tax Receiver, who issued to Interstate "Tax Sale Certificates" on the tracts. The two year redemption period provided by statute, KRS 91.510, passed without redemption of the property by Mrs. Hood.

On November 4, 1936, the City Tax Receiver gave tax deeds to the tracts to Interstate, who paid all tax bills due on the tracts, and recorded its deeds.

On February 1, 1945, pursuant to the provisions of KRS 134.540, the Commonwealth brought suit to set aside the sale held on unpaid State and County tax bills for all years previous to 1939, and to have itself adjudged a statutory lien for a sale of the property to satisfy its lien, and for assessment of the property for taxes for the years 1939 through 1944. The appellant, Mrs. Hood, the Higgins heirs, and the City of Louisville were made parties defendant in that action. In its petition the Commonwealth alleged invalidity of the tax sale by reason of the fact that Mrs. Hood had a sufficiency of personal property to pay the taxes, and that the sale was irregular in that instead of selling a sufficiency of the property to pay the taxes, the whole was sold.

Interstate filed an answer and cross-petition, setting up its recorded tax deeds. It alleged that the tax sale to it was void and invalid because at the time of that sale Mrs. Hood owned personal property subject to distraint, and the land sold was greater in value than the

amount necessary to satisfy the tax claims for which it was made. It alleged it was vested with a statutory lien under Carroll's Statutes, sec. 4036.

In the prayer of its cross-petition Interstate asked that its tax deeds be declared invalid and that it be decreed a lien of equal dignity to that of the State, and prior and superior to all others, and that the property be sold to satisfy such lien.

The City of Louisville filed its answer setting up its tax liens.

Mrs. Hood answered asserting ownership of the property and further setting up the lien which had been granted her by the judgment entered under the mandate issued in Hood v. Nichols, supra.

The Higgins heirs filed an answer and cross-petition. They set up the lien awarded them in Hood v. Nichols, supra; denied Interstate's lien, and asserted that the Statute of Limitations barred Interstate's enforcement of its lien.

Interstate demurred to the paragraph of the Higgins heirs' answer setting up the limitation period. The demurrer was overruled, and Interstate's cross-petition dismissed. Interstate appeals from the order overruling its demurrer, and from the order dismissing its petition.

Subsequently, the court entered another judgment wherein it adjudged Mrs. Hood a lien of equal dignity with the Commonwealth, County, and the City. This also is excepted to by Interstate and an appeal granted.

Two questions are presented in this appeal. The first arises out of the court's order overruling the Interstate's demurrer to the plea of limitations, of the Higgins heirs, and the second as to whether or not Mrs. Hood has a lien of equal dignity with that of the Interstate, the City, State, and County.

The property was sold pursuant to judgment. The parties stipulate that the proceeds of the sale were $11,328.30; that the State and City have been paid in full; and that there remains $5,551.28 out of which must be paid such liens as are found to exist against the property.

The parties are agreed that Interstate's right to the

statutory lien it seeks is based upon Carroll's Statutes, sec. 4036, which reads as follows: "Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, except where owner has paid his taxes and has receipt for same, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such employment which may be recovered from the owner of the property or person owning the same. Such lien may be enforced against such property by action as are other liens, at any time after the invalid sale but prior to the expiration of the lien by reason of limitation, whether the purchaser be the Commonwealth of Kentucky and other taxing districts or any other person, firm or corporation."

The parties are disagreed as to when the five year limitations begin to run. Appellees insist that Interstate had five years after the end of the two year redemption period as provided in KRS 91.510, in which to commence an action to secure possession of the land or enforce its lien, or a total of seven years from the date of the sale of the tax bills in November 1934. Interstate, invoking the aid of KRS 134.540 and KRS 134.560, which provide a method by which the State can set aside a tax deed, and relying on the case of Commonwealth ex rel. Martin v. Union Labor Temple, 279 Ky. 692, 131 S. W. 2d 843, contends that the period of limitation for enforcement of the lien does not commence to run until the tax deed is set aside and that the lien provided by Carroll's Statutes, sec. 4036 does not accrue until the tax sale is set aside and the sale held invalid.

The appellees in answer contend that KRS 134.540 gives a right to invalidate a tax deed only to the Department of Revenue, and that such right does not accrue to an individual, corporation, or any other person. Appellees further argue that an action to recover possession by the purchaser can be brought at any time after the two year redemption period has passed, but must be brought within the five year limitations period. Since this was not done, they insist the lien created by 4036 expired before the 1938 amendment to 4021a-1 was passed. Acts 1938, 1st Ex. Sess., c. 21, sec. 16.

In support of their positions the parties have cited numerous sections of our statute. Consequently, it is easy to become somewhat bewildered by this profusion of involved sections. The confusion is largely a consequence of attempting to impose upon the individual purchaser of a tax deed the same statutory procedure and limitation as imposed upon a taxing district.

Interstate, as stated above, became the purchaser at tax sale of the property involved. Under KRS 91.540 a purchaser other than the city takes a fee-simple title and shall be entitled to possession of the property and may recover it by action or motion, and the deed shall be prima facie evidence of the regularity of the sale and of title in the purchaser. Nowhere is there a provision that such fee-simple title owner must bring an action for possession either immediately or within five years.

But the same is not true when the city becomes the purchaser. KRS 91.500 provides:

"(1) If at any sale of real property for city taxes no one will purchase the property for a price sufficient to cover the taxes, interest, penalties and costs of sale, including the cost of advertising, the tax receiver shall purchase the property for the city for the amount of the taxes, interest, penalties, costs of sale and advertising.

"(2) When the city has received a deed and has possession of any real estate purchased for it at a tax sale, the director of finance may advertise and sell the property at public auction, and convey it by deed to the purchaser. The board of aldermen may by ordinance direct the time and manner of sale. The city shall not hold any such property acquired through a tax sale, except such as is proper and necessary for public purposes, for more than five years from the time it acquires title, and if it does not sell and convey the property within that time the title shall escheat to the state."

Thus, it is seen by the above that the City shall not hold any such property acquired through a tax sale, except such as is proper and necessary for public purposes for more than five years from the time it acquires title, and if it does not sell and convey the property within that time, the title shall escheat to the state.

The provisions of Carroll's Statutes, sec. 4021 and

sec. 4021a-1, invoked herein by appellees, also are directed to, and concern a lien on property in favor of a taxing district. We have specifically held that section 4021a-1 does not affect the period (15 years) given the owner in which to attack a tax deed. See Horton v. Horton, 185 Ky. 131, 214 S. W. 883.

As stated heretofore, the State, under KRS 134.540, brought action to invalidate the sheriff's sale of property for School, County and State taxes, to which property the Interstate Bond Company had a tax deed. The reasons for setting aside that deed were the identical reasons that Interstate Bond Company set up for invalidation of the sale wherein it became purchaser of tax deed. Obviously, if the grounds in the action by the State were sufficient to invalidate the sale, it would then follow that the same grounds would be sufficient to invalidate the City sale to Interstate. Interstate, then, properly pleaded these facts and properly invoked the provisions of 4036, Carroll's Statutes, seeking the creation in its favor of a statutory lien because of having paid the taxes on behalf of the owner of the property. The court below should have invalidated that sale and also adjudged a statutory lien in favor of Interstate.

This sale then having been invalidated, and the statutory lien created, it follows that limitation does not begin to run until the sale is set aside. See Union Labor Temple case, supra; Kentucky Lands Investment Company v. Towery, 146 Ky. 537, 142 S. W. 1071; and City of Richmond v. Goodloe, 287 Ky. 379, 153 S. W. 2d 921.

This leads us then to the second question, namely, whether or not Mrs. Hood had a lien equal in dignity to that of the State, County, City, and Interstate. It is true that under the Hood v. Nichols case above, Mrs. Hood was granted a lien upon her own property. It would be too burdensome here to incorporate in this opinion all the facts in the Hood v. Nichols case above, but actually the amount of the lien placed upon Mrs. Hood's own property in her favor was really the consideration that she paid for the property which had formerly been deeded to her in consideration of love and affection. The intuitive urge upon the part of the court, at least to try to find what is just, equitable, and right, finds strong reinforcement in the logical consequence of

our conclusion in question 1 above. Mrs. Hood was adjudged the owner of this property. She paid no taxes on the property after 1934. Interstate paid them for her. It must follow then that the court should have adjudged to Interstate a lien equal in dignity to those of the City, County, and State, and superior to the lien of Mrs. Hood created under the mandate of Hood v. Nichols, supra.

Wherefore, the judgment is reversed with directions to enter judgment consistent herewith.