Ruth BRUNNER et al., Appellants,

v.

HOME FOR the AGED OF the LITTLE SISTERS OF THE POOR, Appellee.

Court of Appeals of Kentucky.

June 14, 1968.

---

J. B. Gathright, Louisville, for appellants.

Cyril C. Sehlinger, John J. Ford, Louisville, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court which decided that the purchaser at a tax sale did not receive a fee simple title where the property was sold after the life tenant failed to pay the property tax and without notice and a right to redeem given the remainderman.

The property in question was owned by John H. Kibby until his death in 1942. By will he left a life estate in the property to his wife, Carrie J. Kibby, and a remainder in appellee, Home for the Aged of the Little Sisters of the Poor. Thereupon the tax assessor of the city of Louisville listed the property for taxation purposes in the name of Carrie J. Kibby. She paid the city taxes until 1957. In that year no taxes were paid, and the tax receiver for the city of Louisville offered the delinquent tax bill for sale. Appellant Ruth Brunner purchased the same by paying the tax, penalties, interest, and costs. Two years later the property had not been redeemed, and the tax receiver deeded the property to Mrs. Brunner. From the date of the tax deed, December 1, 1959, until the date of Carrie J. Kibby's death, March 10, 1967, appellants made no demand for possession, nor did they try to collect rents from the life tenant.

Upon learning of the death of the life tenant, the remainderman, appellee, filed this action in the Jefferson Circuit Court for a declaration of rights as to the ownership of the fee simple title and to determine the amount of tax, interest, penalties, and costs appellants should receive for their interest in the property.

The trial court found appellee to be the owner of the fee simple title and that the deed to appellant Ruth Brunner was in the nature of a lien for the taxes, penalties and interest paid by appellants since 1957. Mrs. Brunner appeals contending that the tax deed conveyed to her a fee simple title. Her argument is that the property was properly assessed in the name of the life tenant, omitting the remainderman; that a tax deed vests a fee simple title in the purchaser; and that the remainderman's lack of notice and opportunity to redeem does not defeat their fee simple title.

The assessment of the property in the name of the life tenant, as holder of the present estate, was proper. KRS 91.360(2).

The city has a lien for city taxes on the fee simple title to the land in the city, and this lien is superior to all encumbrances (except state taxes) and future estates including remainders. KRS 91.560 (1). On the basis of this lien, the city may sell any delinquent tax bill to cover the tax, penalties, interest, and costs. KRS 91.480(1). The purchaser at the sale is then subrogated to the city's lien. Faust v. Louisville Trust Company, 192 Ky. 3, 232 S.W. 58 (1921); Interstate Bond Company, Inc. v. Hood, 304 Ky. 274, 200 S.W. 2d 464 (1947). Appellant apparently believes that this lien, which has precedence over remainders, confers some kind of title to the property which takes precedence over the title of the remainderman. This is not true. A lien is not a title to property, but rather a charge upon it. It is a right which the law gives to have a debt satisfied out of

the property. It necessarily supposes the title to be in some other person. 33 Am. Jur., Liens, § 2.

■ In the instant case, the debt to be satisfied is the amount of the tax, penalties, interest, and costs that the tax purchaser paid for the life tenant who was primarily liable for them. The statute that gives this lien priority over remainders means only that the tax purchaser has a charge against the property for the amount he paid for the person primarily liable for the tax and that this charge is valid against the remainderman as well as the life tenant.

By statute the person primarily liable for the tax may redeem the property by paying the taxes, penalties, interest, and costs to the city tax receiver. "If real property is not redeemed within the time allowed for redemption, a fee simple title shall vest absolutely in the purchaser, * * and the tax receiver shall thereupon convey the property by deed to the purchaser." KRS 91.540.

■ It is appellants' contention that "the time allowed for redemption" in the statute just quoted is the two-year time limit set for adult owners by KRS 91.510. In a case very similar to the instant case, this court has held that the rule is different where remaindermen are involved.

In Smith v. Young, 178 Ky. 376, 198 S. W. 1166 (1917), Margaret Smith was left a life estate in certain property with the remainder to her children. The property was assessed in her name, and she failed to pay the required taxes. The delinquent tax bill was sold to the state and county and she never redeemed the property. Young later bought the property. The remainderman, as in the instant case, had no notice of any of these sales. This court said at page 1167:

"Her failure to redeem the lot from either of those sales within the 2 years following each had the effect under the statute to invest the state and county with the title to her life estate therein; and when the lot was sold by the auditor's agent in 1909, and purchased by appellee, such sale, and the deed he then received conveying him the lot, invested him with only such title to the same as appellants' mother, Margaret Smith, had therein, viz. a life estate. Though section 4030, Kentucky Statutes, declares that a deed such as that received by appellee to the lot in question shall be prima facie evidence of the regularity of the previous sale, for taxes, of the property conveyed, of all prior proceedings, and of title in the person to whom the deed has been made, and while such deed vests in the grantee what the statute declares a fee-simple title, it is, after all, just such title as the person against whom the land was assessed had therein. * * * M. L. Hall, etc., v. J. D. Hall, etc., 174 Ky. 356, 192 S.W. 76. In M. Hall, etc., v. Hall etc., supra, we held that the statute regulating the sale of real estate for taxes in this state and providing for its conveyance to the purchaser, following the failure of the owner to redeem it, does not vest in the purchaser at a tax sale a new title originating in the state and created by the tax sale, but authorizes merely the transfer to the purchaser at such sale of the title owned by the person against whom the assessment was made; and that since the effect of a sheriff's deed to the purchaser at a tax sale is to vest in the latter only such title as was owned by the person against whom the land was assessed, the title thus acquired by such tax sale purchaser could not defeat or extinguish a bona fide existing prior lien or liens upon the land. And, therefore, the purchaser took the title to the land subject to such prior lien or liens, the latter being, in turn, inferior to the paramount lien given the purchaser on the land by the statute for the tax, penalties, and interest paid by him therefor."

In a similar earlier case, Bradley v. Sears, 138 Ky. 230, 127 S.W. 782, at page 783 (1910), this court said:

"[W]hen real estate is sold during the life tenancy for taxes against it due by the life tenant, and the life tenant fails to redeem the land, the purchaser at the tax sale will not be permitted under and by virtue of his tax deed to recover the land from the remainderman or his vendee. He will only be allowed a lien on the land for the amount of the taxes paid, with interest thereon as allowed by the statute, as the tax is due by and should be paid by the life tenant, which lien he may enforce in an appropriate action. It would be manifestly unjust to take from the remainderman real estate sold for taxes against the life tenant without first giving the remainderman an opportunity to satisfy the amount due. The remainderman may not have any notice of the sale or that the tax is unpaid; and, under circumstances like these, we know of no statute or rule of law that would justify us in ruling that the purchaser at the tax sale could take the land without giving the remainderman an opportunity to redeem it by the payment to the purchaser at the tax sale of his debt and interest, although the statutory period allowed to redeem has expired."

Both the Smith and the Bradley cases support the judgment of the trial court.

Appellants distinguish Smith v. Young, supra, from the instant case, but they give us no logical reason why this difference is important. Cf. Brunner v. City of Louisville, Ky., 311 S.W.2d 402 (1958).

The cases cited by appellants are not in point with the instant case. In Davie's Ex'r v. City of Louisville, 171 Ky. 663, 188 S.W. 911 (1916), all the parties with an interest, including the remainderman, were before the court. In City of Louisville v. Sonne, 148 Ky. 394, 146 S.W. 739 (1912), the court expressly states that it is

not deciding the question now before the court. Faust v. Louisville Trust Co., 192 Ky. 3, 232 S.W. 58 (1921), involved the priority of liens as between mortgagees and purchasers at tax sales and not the question now before the court.

The judgment is affirmed.

All concur.